## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUZ BEDOYA<br>112 Mill Race Drive<br>Easton, PA 18045 | :<br>:<br>:<br>:     CIVIL ACTION |
| Plaintiff, | : |
| v. | :     No.: |
| | : |
| THIRD STREET ALLIANCE FOR<br>WOMEN AND CHILDREN, INC.<br>41 North Third Street<br>Easton, PA 18042 | :<br>:<br>:     **JURY TRIAL DEMANDED**<br>: |
| | : |
| Defendant. | : |

### CIVIL ACTION COMPLAINT

Plaintiff, Luz Bedoya (*hereinafter* referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by Third Street Alliance for Women and Children, Inc. (*hereinafter* "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*), the Pennsylvania Human Relations Act ("PHRA"),[1] and Pennsylvania common law. Plaintiff was unlawfully terminated by Defendant, and she suffered damages more fully described/sought herein.

### JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue-letter under the ADA. Plaintiff's PHRA claims however will mirror identically her federal claims under the ADA.

redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.     This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4.     Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5.     Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted her administrative proceedings before initiating this action by timely filing and dual-filing her Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6.     The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7.     Plaintiff is an adult who resides at the above-captioned address.

8.     Third Street Alliance for Women and Children, Inc. is a non-profit multi-program human services agency located at the address set forth in the above-caption.

2

9.     At all times relevant herein, Defendant acted through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff was employed with Defendant as a lead teacher for Defendant's toddler classroom from in or about October 22, 2018 until her unlawful termination (as discussed *infra*) on or about May 10, 2019.

12.     Plaintiff was primarily supervised by Director, Nancy Frederick (*hereinafter* "Frederick").

13.     Throughout her tenure with Defendant, Plaintiff was a hard-working employee who performed her job well.

14.     Plaintiff has and continues to suffer from serious health conditions involving her left knee arising from a work-related injury which occurred on or about April 17, 2019.  Plaintiff felt immediate pain in her left knee following her work-related injury but continued to work until the end of her shift.  That evening, the pain in Plaintiff's knee continued to worsen, and the following day she reported to work and informed Frederick that she had suffered a work-related injury the day before.

15.     After sustaining her aforesaid work-related injuries, Plaintiff filed for workers' compensation benefits through Defendant, and Frederick advised Plaintiff that she needed to be seen by Defendant's worker's compensation physicians at Patient First for an x-ray and evaluation.

16.     As a result of her aforesaid work-related injuries/health conditions, Plaintiff was limited in her ability (at times) to perform some daily life activities, including but not limited to lifting, bending, and walking (among other daily life activities).

17.     Despite her aforementioned health conditions and limitations, Plaintiff was still able to perform the essential duties of her job well with Defendant; however, Plaintiff did require reasonable medical accommodations at times (discussed further *infra*).

18.     For example, shortly after Plaintiff reported her aforesaid work-related injury to Frederick (*see* Paragraph 14, *supra*), Plaintiff was evaluated by a physician at Patient First, who recommended that she periodically elevate her knee and stay off her feet as much as possible.

19.     Following her evaluation at Patient First, Plaintiff immediately informed Frederick of the seriousness of her aforesaid work-related injuries/health conditions, including that she required a reasonable medical accommodation in the form of light-duty work.  Plaintiff provided Frederick with all of the Patient First paperwork, including the physician's recommended restrictions.

20.     Frederick failed to respond to Plaintiff's aforesaid request for light-duty (a reasonable accommodation under the ADA) or engage in the interactive process as required under the ADA.

21.     Because Plaintiff was fearful of losing her job following her aforesaid work-related injury, Plaintiff continued to work against her restrictions and her work-related injury/health conditions continued to worsen and cause her greater pain.

22.     Over the next few weeks, Plaintiff repeatedly informed Frederick that she was in pain, her serious health conditions were worsening, and she did not know what to do; however, Frederick merely shrugged at her or ignored her concerns.

4

23.     On or about May 9, 2019, while moving a toddler into a gated area in the playground, Plaintiff suffered another work-related injury to the same knee she had injured on or about April 17, 2019.  Plaintiff could not move her knee, and immediately called out to a substitute teacher to assist her.  The substitute teacher helped Plaintiff to steady herself against the gate and then went to locate Frederick.

24.     When Frederick responded to Plaintiff's aforesaid May 9, 2019 work-related injury (*see* Paragraph 23, *supra*), she hostilely asked Plaintiff "what do you want to do."  Plaintiff replied that she could not put any weight on her knee, and asked Frederick what the procedure was under Defendant's worker's compensation plan.  Frederick informed Plaintiff that she needed to call Plaintiff an ambulance.

25.     Shortly after suffering her May 9, 2019 work-related injury, Plaintiff was transported to St. Luke's Hospital Anderson Campus, where she was x-rayed and evaluated by an emergency room physician, who recommended that Plaintiff follow-up with an orthopedic specialist in the next 24 hours and remain out of work until on or about May 13, 2019.

26.     The following day (May 10, 2019), Plaintiff contacted Frederick and informed her of the seriousness of her work-related injuries/health conditions and that she required a reasonable medical accommodation in the form of a leave of absence until on or about May 13, 2019, to treat her knee condition and to attend an orthopedic specialist appointment that she had scheduled for on or about May 11, 2019.

27.     Upon Frederick's request, Plaintiff texted Frederick a copy of the emergency room physician's note and recommendations from May 9, 2019.

28.     In addition to providing Frederick with a copy of her doctor's note and recommendations from her May 9, 2019 hospital visit (*see* Paragraph 27, *supra*), Plaintiff

contacted Defendant's Human Resources representative, Judith Walter (*hereinafter* "Walter") to inquire if she needed to see a particular doctor in Defendant's workers' compensation network, but Walter refused to give Plaintiff any information and stated that she couldn't help her.

29. On or about May 11, 2019, **just one day** after requesting time off to care for and treat her work-related injuries/health conditions (a reasonable accommodation under the ADA), Plaintiff received an overnight letter from Defendant, dated May 10, 2019, informing her that she had been terminated for allegedly violating classroom ratio standards, which is false and pretextual.

30. Rather than accommodating Plaintiff's light-duty and medical leave, Defendant instead failed to engage in the interactive process, refused to provide her with light-duty work, and terminated her while she was on medical leave to avoid having to provide her with any additional medical leave and/or other medical accommodations.

31. Plaintiff believes and therefore avers that she was terminated by Defendant because of (1) her known and/or perceived disabilities; (2) her record of impairment; (3) her requested accommodations; and/or (4) Defendant's failure to properly accommodate Plaintiff.

## COUNT I
## Violations of the Americans with Disabilities Act, as Amended ("ADA")
### ([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33. Plaintiff suffered from qualifying health conditions under the ADA which affected her ability (at times) to perform some daily life activities including, but not limited to lifting, bending, and twisting (among other daily life activities).

34.     Plaintiff kept Defendant's management informed of her serious health conditions and need for medical treatment throughout her tenure with Defendant.

35.     Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendant; however, Plaintiff did require reasonable medical accommodations at times.

36.     Plaintiff requested reasonable accommodations from Defendant, including but not limited to time off for doctor and hospital appointments as needed and light-duty work.

37.     Plaintiff was terminated from her employment with Defendant **just one day** after requesting and/or utilizing reasonable accommodations.

38.     Rather than accommodating Plaintiff's light-duty and medical leave, Defendant instead failed to engage in the interactive process, refused to provide her with light-duty work, and terminated her while she was on medical leave to avoid having to provide her with any additional medical leave and/or other medical accommodations.

39.     Plaintiff believes and therefore avers that she was terminated by Defendant due to (1) her known and/or perceived disabilities; (2) her record of impairment; (3) her requested accommodations; and/or (4) Defendant's failure to properly accommodate Plaintiff.

40.     These actions as aforesaid constitute violations of the ADA.

### COUNT II
### Common-Law Wrongful Discharge
### (Public Policy Violation)

41.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42.     Upon information and belief, Plaintiff was terminated in substantial part for making a claim for worker's compensation benefits and/or seeking worker's compensation benefits and/or for her work-related injuries (as discussed *supra*).

43.     It is against Pennsylvania's public policy for an employee to be terminated for making a worker's compensation claim and/or seeking worker's compensation benefits.  These actions as aforesaid constitute wrongful termination in Pennsylvania. *See Shick v. Shirey,* 552 Pa. 590, 716 A.2d 1231 (1997); *Rothrock v. Rothrock Motor Sales, Inc.,* 5f84 Pa. 297, 883 A.2d 511, 516 (2005).

44.     The temporal proximity and retaliatory animus between Plaintiff's claim for worker's compensation and her termination creates an inference that her termination was in retaliation for making such a claim.

45.     These actions as aforesaid constitute wrongful termination in Pennsylvania.

**WHEREFORE,** Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.     Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just,

proper and appropriate (including but not limited to damages for emotional distress, pain, suffering

and humiliation); and

E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable

attorney's fees as provided by applicable federal and state law.


                                        Respectfully submitted,

                                        **KARPF, KARPF & CERUTTI, P.C.**

                              By:
                                        Ari R. Karpf, Esq.
                                        3331 Street Rd.
                                        Two Greenwood Square, Suite 128
                                        Bensalem, PA 19020
                                        (215) 639-0801

Dated:  November 18, 2019

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Luz Bedoya

v.

Third Street Alliance For Women and Children, Inc.

CIVIL ACTION

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X )

| 11/19/2019 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:   112 Mill Race Drive, Easton, PA 18045

Address of Defendant:   41 North  Third Street, Easton, PA 18042

Place of Accident, Incident or Transaction:   Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when  *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously  terminated action in this court?   Yes ☐   No ☒

3.  Does this case involve the validity or infringement of a patent   already in suit or any earlier numbered case pending or within one year previously  terminated action of this court?   Yes ☐   No ☒

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case   ☐ is / ☒ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:   11/19/2019                                                   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*                       *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐  2.  FELA
☐  3.  Jones Act-Personal Injury
☐  4.  Antitrust
☐  5.  Patent
☐  6.  Labor-Management Relations
☒  7.  Civil Rights
☐  8.  Habeas Corpus
☐  9.  Securities Act(s) Cases
☐  10.  Social Security Review Cases
☐  11.  All other Federal Question Cases
      *(Please specify):* _____

**B.**   *Diversity Jurisdiction Cases:*

☐  1.  Insurance Contract and Other Contracts
☐  2.  Airplane Personal Injury
☐  3.  Assault, Defamation
☐  4.  Marine Personal Injury
☐  5.  Motor Vehicle Personal Injury
☐  6.  Other Personal Injury *(Please specify):* _____
☐  7.  Products Liability
☐  8.  Products Liability – Asbestos
☐  9.  All other Diversity Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I,   Ari R. Karpf                                           , counsel of record *or* pro se plaintiff, do hereby certify:

☒   Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐   Relief other than monetary damages is sought.

DATE:   11/19/2019                                                   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*                       *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

BEDOYA, LUZ

**(b)** County of Residence of First Listed Plaintiff      Northampton
       *(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

THIRD STREET ALLIANCE FOR WOMEN AND CHILDREN, INC.

County of Residence of First Listed Defendant      Northampton
                    *(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
            THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                              *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1  Original Proceeding | ☐ 2  Removed from State Court | ☐ 3  Remanded from Appellate Court | ☐ 4  Reinstated or Reopened | ☐ 5  Transferred from Another District *(specify)* | ☐ 6  Multidistrict Litigation - Transfer |  ☐ 8  Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)

Brief description of cause:
Violations of the ADA, PHRA and Pennsylvania common law.

## VII. REQUESTED IN COMPLAINT:

☐  CHECK IF THIS IS A CLASS ACTION
     UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*:

JUDGE _____   DOCKET NUMBER _____

DATE   11/19/2019

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

| Print | Save As... | Reset |
|---|---|---|